UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 5, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Brenda B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2837-BAH

Dear Counsel:

On November 2, 2022, Plaintiff Brenda B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 11) and the parties' dispositive filings[1] (ECFs 12 and 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 10, 2020, alleging a disability onset of August 10, 2017. Tr. 28, 258–64. Plaintiff's claim was denied initially and on reconsideration. Tr. 161–64, 166–67. On March 7, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 53–84. Following the hearing, on May 19, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 25–47. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a motion for summary judgment and Defendant filed a brief.

[2] 42 U.S.C. §§ 301 et seq.

*Brenda B. v. Kijakazi*
Civil No. 22-2837-BAH
September 5, 2023
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since June 10, 2020, the application date." Tr. 30. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), Coronary Artery Disease (CAD), residual effects from myocardial infarct with stenting, left foot fracture, and obesity." *Id.* The ALJ also found that Plaintiff suffered from non-severe "diabetes mellitus with diabetic polyneuropathy, migraines, hypertension, tobacco use disorder, opioid use disorder, gout, depression and anxiety." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 33. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except occasional climbing of ramps or stairs; occasional balancing, stooping, kneeling, crouching, or crawling; occasional use of foot controls with the left lower extremity; and avoid all hazards.

Tr. 34. The ALJ found that Plaintiff could perform past relevant work as a home health companion (DOT[3] #309.677-010). Tr. 40. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 41.

## III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Brenda B. v. Kijakazi*
Civil No. 22-2837-BAH
September 5, 2023
Page 3

supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, she contends that the ALJ's decision is unsupported by substantial evidence because the ALJ "failed to properly evaluate" the opinion of her consultative examiner, Dr. Silver, who opined that Plaintiff "could only stand [for] up to 1/3 of an 8-hour day." ECF 12-1, at 6. Specifically, Plaintiff avers that the ALJ failed to assess the "supportability" and "consistency" of this opinion. *Id.* at 9 (citing 20 C.F.R. § 416.920c(b)(2)). Plaintiff also contends that the ALJ erred by failing to acknowledge or analyze two pieces of evidence: (1) an April 27, 2020 lumbar spine MRI "showing severe bilateral facet arthropathy with moderate bilateral neural foraminal stenosis" and (2) a February 25, 2019 EKG "showing a STEMI, as well as a cardiac catheterization showing 90 percent mid circumflex stenosis." *Id.* at 7. With respect to the arguments raised by Plaintiff, Defendant counters that: (1) the ALJ followed the correct regulatory framework in weighing Dr. Silver's opinion and (2) the ALJ was not required to assess evidence which pre-dates the onset of Plaintiff's alleged disability, nor were they required to "specifically refer to every piece of evidence" in their decision. ECF 14, at 5–15.

As stated above, Plaintiff applied for SSI benefits in 2020. Tr. 258–64. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 416.920c). An ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920c(b)). Supportability and consistency are the most important factors in weighing medical opinions. *Id.* (citing 20 C.F.R. § 416.920c(b)(2)). Therefore, the ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's" opinions in their decision. *Id.* Supportability refers to "the objective medical evidence and supporting explanations presented by" a source. *Id.* (citing 20 C.F.R. § 416.920c(c)(1)). Consistency refers to the cohesion between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 416.920c(c)(2)).

"Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021)

(citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on— not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). As such, this Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors.").

Here, the ALJ weighed the opinion of Dr. Matthew Silver, who performed a general consultative examination on Plaintiff in April 2021. Tr. 37. The ALJ concluded that Dr. Silver's opinion that Plaintiff "could stand occasionally in an 8-hour workday, sit frequently in a workday, walk occasionally in a workday, and has limited ability to bend or stoop," was "less persuasive." *Id.* The ALJ provided no clarification as to *how* persuasive Dr. Silver's opinion was, and failed to describe what opinion the ALJ found *more* persuasive than Dr. Silver's. *See id.* After recounting the findings of Dr. Silver's examination, the ALJ announced that "[t]he claimant's statement somewhat support[s] the opinion." Tr. 37–38. "However," the ALJ continued, "I find that it is inconsistent to limit the claimant's standing and walking to less than six hours when she has been found to have a normal gait, full strength, and no difficulty walking without an assistive device (See 10F/6, 8, 12; 14F; 15F)." *Id.* at 38.

Plaintiff persuasively argues that the ALJ failed to explain how the supportability of Dr. Silver's opinion was considered. ECF 12-1, at 9. Defendant contends that the ALJ adequately considered the supportability of Dr. Silver's opinion because the ALJ "observed that Plaintiff's statements to Dr. Silver at the start of the examination support the doctor's opinion." ECF 14, at 14. This argument misses the mark. While Plaintiff's statements may have been supportive of some of Dr. Silver's findings, it is unclear from the ALJ's decision whether Dr. Silver based his opinion on these statements or instead relied on "diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel*, 2021 WL 1697919, at *7 n.6. Indeed, a review of Dr. Silver's opinion suggests the latter. *See* Tr. 641 (noting that Plaintiff's "past medical history was received from DDS and reviewed prior to this exam."). In assessing Dr. Silver's opinion, the ALJ provided no analysis of how the data or supporting explanations utilized by Dr. Silver affected the persuasiveness of the opinion. Because an ALJ's consideration of all medical opinions must include this supportability analysis, the ALJ's evaluation of Dr. Silver's opinion amounts to error. *See Adrianna S.*, 2022 WL 112034, at *1.

This error was not harmless. Had the ALJ properly evaluated Dr. Silver's opinion, they may have found Plaintiff to possess greater limitations in standing which, in turn, could have altered the ultimate disability determination in this case. *See* ECF 12-1, at 8 (noting that if Plaintiff were limited to a sedentary RFC, she would be found disabled under Grid Rule 201.14). Thus, remand is warranted. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (holding remand to be required where ALJ failed to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination).

On remand, the ALJ must explicitly assess the supportability of Dr. Silver's opinion pursuant to 20 C.F.R. § 416.920c(c)(1).[4]  Because the case is being remanded on other grounds, I need not address whether the ALJ erred in failing to evaluate Plaintiff's 2020 MRI and her 2019 EKG, or whether the ALJ properly assessed the consistency of Dr. Silver's opinion with other evidence.  *See* ECF 12-1, at 6, 9.  Nonetheless, the ALJ is encouraged to determine whether Plaintiff's MRI and EKG evidence warrants any adjustment to the opinion.  If the ALJ determines that such an adjustment is warranted, then the ALJ should determine whether Dr. Silver's opinion is consistent with the MRI and EKG evidence raised here by Plaintiff.

### V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[4] In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.